UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDREA ASHLEY LIMON, #953270,

        Petitioner,

                                              CASE NO. 4:18-CV-10772
v.                                       HONORABLE LINDA V. PARKER

SHAWN BREWER,

        Respondent.
_____/

**OPINION AND ORDER GRANTING RESPONDENT'S MOTIONS FOR IMMEDIATE CONSIDERATION AND TO HOLD ORDER REQUIRING RESPONSIVE PLEADING IN ABEYANCE (ECF NO. 6.), DENYING PETITIONER'S REQUEST FOR RELEASE ON BOND AND APPOINTMENT OF COUNSEL (ECF NO. 1.), AND STAYING PROCEEDINGS**

**I.    Introduction**

Michigan prisoner Andrea Ashley Limon ("Petitioner") filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging her state criminal proceedings. (ECF No. 1.) Petitioner pleaded guilty to second-degree child abuse with a promise to stipulate to the termination of her parental rights as to her daughter and unborn baby in the Grand Traverse County Circuit Court. Petitioner was sentenced to 4 years 9 months to 10 years imprisonment in 2015. In her petition, she raises claims concerning the termination of her parental rights, her innocence and the factual basis for her plea, her sentence, and the

effectiveness of defense counsel. (*Id.*) Also, she requests release on bond and appointment of counsel. (*Id.*) The Court ordered Respondent to file an answer to the petition by September 28, 2018. (ECF No. 3.) In lieu of doing so, Respondent filed motions for immediate consideration and to hold the Court's order requiring a responsive pleading in abeyance because Petitioner is in the midst of pursuing collateral review in the state courts. (ECF No. 6.) Petitioner filed a response requesting that the motions be denied because her current claims are exhausted and meritorious. (ECF No. 9.) For the reasons stated, the Court grants Respondent's motions, denies Petitioner's motions for bond and appointment of counsel, and stays the proceedings.

## II.    Analysis

### A.    Respondent's Motions

Respondents seeks immediate consideration and a stay while Petitioner completes collateral review in the state courts. Given that Respondent's answer to the petition was due in September 2018, immediate consideration of the procedural matters before the Court is warranted. Accordingly, the Court shall address both parties' pending motions.

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair

opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). A Michigan prisoner must raise each issue he or she seeks to present in a federal habeas proceeding to the state courts for review. The claims must be "fairly presented" to the state courts, meaning that the petitioner must have asserted both the factual and legal bases for the claims in the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The claims must also be raised in the state courts as federal constitutional issues. *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). Each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

In this case, it appears that Petitioner has not exhausted all of her potential habeas claims in the state courts and that she has an appeal pending before the Michigan Court of Appeals concerning the state trial court's denial of a motion for relief from judgment. Petitioner must complete the state court process before seeking habeas relief in federal court. *Witzke v. Bell*, No. 07-CV-15315, 2007 WL 4557674 (E.D. Mich. Dec. 20, 2007); *Harris v. Prelisnik*, No. 06-CV-15472, 2006

WL 3759945 (E.D. Mich. Dec. 20, 2006). Federal habeas law provides that a habeas petitioner is only entitled to relief if he or she can show that the state court adjudication of the habeas claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d). The state courts must first be given a fair opportunity to rule upon all of Petitioner's claims before she can present them in federal court. Otherwise, the Court cannot apply the standard found at 28 U.S.C. § 2254.

Moreover, even if Petitioner's pending state collateral review proceedings do not concern her current habeas claims (which appear to be exhausted), that proceeding may result in the reversal of her conviction on another ground, thereby mooting the federal questions presented. *See Humphrey v. Scutt*, No. 08-CV-14605, 2008 WL 4858091, *1 (E.D. Mich. Nov. 5, 2008) (citing *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir.1983); *Woods v. Gilmore*, 26 F. Supp. 2d 1093, 1095 (C.D. Ill. 1998)); *Szymanski v. Martin*, 99-CV-76196-DT, 2000 WL 654916 (E.D. Mich. April 13, 2000). Non-prejudicial dismissal of the petition is ordinarily warranted under such circumstances.

A federal district court, however, has discretion to stay a mixed habeas petition, containing both exhausted and unexhausted claims, to allow a petitioner to present unexhausted claims to the state courts and then return to federal court on a

perfected petition. *Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state remedies before proceeding in federal court, the petitioner has not engaged in intentionally dilatory litigation tactics, and the unexhausted claims are not "plainly meritless." *Id*. at 277-78. In *Rhines*, the Court adopted the stay and abeyance procedure to specifically address the situation when outright dismissal of a habeas petition could jeopardize the timeliness of a future petition following the exhaustion of state remedies. *Id.* at 275 (noting that if the court dismissed the habeas petition "close to the end of the 1-year period, the petitioner's chances of exhausting his claims in state court and refiling in federal court before the limitation period [expired would be] slim"). Thus, stay and abeyance is generally reserved for those cases where the AEDPA's one-year limitations period is likely to expire before a habeas petitioner can return to state court to exhaust additional claims and then return to federal court on an amended petition. *See, e.g.*, *Moss v. Hofbauer*, No. 07-10687, 2007 WL 317968, *2-3 (E.D. Mich. Oct. 16, 2007).

In this case, a stay is warranted because the one-year statute of limitations applicable to federal habeas actions, *see* 28 U.S.C. § 2244(d), could pose a concern if the Court were to dismiss the petition. Additionally, there is no evidence of

5

intentional delay and the claims raised on direct appeal and/or collateral review do not appear to be plainly meritless. Petitioner also asserts on collateral review that appellate counsel was ineffective on direct appeal, which could establish good cause for her failure to fully exhaust state court remedies. Lastly, the Court notes that Respondent has already filed the available state court record and is moving for a stay, rather than a non-prejudicial dismissal, in this case. Given the foregoing circumstances, a stay of the proceedings is appropriate.

  B.  **Petitioner's Motions**

Petitioner seeks release on bond and appointment of counsel. The Court finds that Petitioner is not entitled to release on bond. The United States Court of Appeals for the Sixth Circuit has stated that to receive bond pending a decision in a federal habeas case:

> [P]risoners must be able to show not only a substantial claim of law based on the facts surrounding the petition but also the existence of 'some circumstance making [the motion for bail] exceptional and deserving of special treatment in the interests of justice.' *Aronson v. May*, 85 S. Ct. 3, 5; 13 L. Ed. 2d 6, 9 (1964) [additional citations omitted]. There will be few occasions where a prisoner will meet this standard.

*Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993) (quoting *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990)). Federal district courts may grant bail when granting the writ. *Sizemore v. District Ct.*, 735 F.2d 204, 208 (6th Cir. 1984). However, to grant bond prior to making a determination on the merits is extraordinary. *Moore*

6

*v. Egeler*, 390 F. Supp. 205, 207 (E.D. Mich. 1975). The Court is not persuaded that the interests of justice require release on bond pending the resolution of this habeas case.

Petitioner is also not entitled to appointment of counsel. A habeas petitioner has no absolute right to be represented by counsel on federal habeas review. *Abdur-Rahman v. Michigan Dept. of Corrections*, 65 F.3d 489, 492 (6th Cir. 1995); *see also Wright v. West*, 505 U.S. 277, 293 (1992) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)). "'[A]ppointment of counsel in a civil case is . . . a matter within the discretion of the court. It is a privilege and not a right.'" *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) (quoting *United States v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965)). Petitioner has submitted pleadings in support of her claims (as well as a response to Respondent's motions), but Respondent has yet to submit an answer or the state court record. At this time, neither an evidentiary hearing nor discovery are necessary, and the interests of justice do not require the appointment of counsel. *See* 18 U.S.C. § 3006A(a)(2)(B); 28 U.S.C. foll. § 2254, Rules 6(a) and 8(c). Should the Court determine that appointment counsel is necessary for the proper resolution of this case, the Court will enter an appropriate order. Petitioner may file another motion concerning this issue at that time.

## III. Conclusion

For the reasons stated, the Court concludes that Petitioner has a matter pending in the state courts concerning the conviction and sentence at issue in this case and that a stay is warranted. Accordingly, the Court **GRANTS** Respondent's motions for immediate consideration and to hold the order requiring a responsive pleading in abeyance and **STAYS** the proceedings. The stay is conditioned on Petitioner's return to this Court with a motion to reopen and, if necessary, amend her habeas petition, using the same caption and case number, within 60 days of fully exhausting state remedies. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002) (adopting approach in *Zarvela v. Artuz*, 254 F.3d 374, 381 (2d Cir. 2001)). Should Petitioner fail to comply with these conditions, the case may be dismissed. Additionally, the Court **DENIES** Petitioner's motions for release on bond and appointment of counsel.

**IT IS SO ORDERED**.

S/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: November 15, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, November 15, 2018, by electronic and/or U.S. First Class mail.

S/ R. Loury
Case Manager