UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDREA ASHLEY LIMON, #953270,

        Petitioner,

                                   CASE NO. 4:18-CV-10772
v.                                HONORABLE LINDA V. PARKER

SHAWN BREWER,

        Respondent.

_____/

**OPINION & ORDER (1) DISMISSING WITHOUT PREJUDICE THE PETITION FOR A WRIT OF HABEAS CORPUS (ECF NOS. 1, 12); (2) DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY; AND (3) DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

Petitioner Andrea Ashly Limon, a Michigan prisoner, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in March 2018.   In the Grand Traverse County Circuit Court, Petitioner pleaded guilty to second-degree child abuse with a promise to stipulate to the termination of her parental rights as to her daughter and unborn baby and was sentenced to four years, nine months to 10 years imprisonment in 2015.   In her original petition, she raised claims concerning the termination of her parental rights, her innocence and the factual basis for her plea, the validity of her sentence, and the effectiveness of defense counsel.   (ECF No. 1.)

In November 2018, on Respondent's motion, the case was stayed while

Petitioner completed collateral review in the state courts.   (ECF No. 10.)   In June

2019, on Petitioner's motion, the case was reopened for her to proceed on an

amended petition raising claims concerning the voluntariness of her plea and

termination of her parental rights, the factual basis for her plea, the validity of her

sentence, and the effectiveness of trial and appellate counsel.   (ECF Nos. 12, 14.)   In

August 2019, Respondent filed an answer to the amended petition contending that it

should be denied because one claim is procedurally defaulted in part and all of the

claims lack merit.   (ECF Nos. 16.)   In October and November 2019, Petitioner filed

a reply to that answer and a supplement to that reply.   (ECF Nos. 18, 20.)

    At the time she instituted this action in 2018, Petitioner was confined at the

Huron Valley Women's Correctional Facility in Ypsilanti, Michigan.   (ECF No. 1.)

The Court issued a Notice Regarding Parties' Responsibility to Notify Court of

Address Changes on April 4, 2018.   (ECF No. 5.)   Petitioner was released on parole

on November 5, 2019.   *See* Petitioner's Offender Profile, Michigan Department of

Corrections Offender Tracking Information System ("OTIS"),

http://mdocweb.state.mi.us/otis2profile.aspx?mdocNumber=953270 (first accessed

on Nov. 27, 2019).   That same month, she filed a notice of change of address with

the Court.   (ECF No. 21.)   Since March 2020, however, all of the Court's mailings

to Petitioner at that new address have been returned to the Court as undeliverable.

(ECF Nos. 26, 27, 29.)   Petitioner was discharged from state custody on February 5,

2021.   *See* Petitioner's Offender Profile, *supra* (last accessed on Feb. 11, 2021).

She has not contacted the Court nor provided updated contact information.   The

Court has no known address for her.

Rule 11.2 of the Local Rules of the Eastern District of Michigan authorizes the

court to dismiss a case based upon a party's failure to keep the Court apprised of

address changes and updated contact information.   The rule states:

> Every attorney and every party not represented by an attorney must
> include his or her contact information consisting of his or her address,
> e-mail address, and telephone number on the first paper that person files
> in a case.   If there is a change in the contact information, that person
> promptly must file and serve a notice with the new contact information.
> The failure to file promptly current contact information may subject that
> person or party to appropriate sanctions, which may include dismissal,
> default judgment, and costs.

E.D. Mich. L.R. 11.2.   *Pro se* litigants have the same obligation as an attorney to

notify the court of a change of address.   *See Carey v. King*, 856 F.2d 1439, 1441 (9th

Cir. 1988).   "'[Petitioner] has the duty to inform the court of any address changes,'

and it is not incumbent upon this Court or its staff to keep track of Petitioner's current

address."   *Thompkins v. Metrish*, No. 2:07-CV-12; 2009 WL 2595604, *1 n.1 (W.D.

Mich. Aug. 20, 2009) (quoting *Kelly v. Wal-Mart, Inc.*, No. 7:07-CV-0089; 2007 WL

2847068, *1 (N.D. N.Y. Sept. 26, 2007)).

3

Additionally, Federal Rule of Civil Procedure 41(b) authorizes a federal court

to dismiss a case based upon the "failure of the plaintiff to prosecute or to comply

with these rules or any order of the court[,]" and Rule 41.2 of the Local Rules of the

Eastern District of Michigan authorizes the court to dismiss a case "when it appears

that . . . the parties have taken no action for a reasonable time."   The Court may thus

dismiss a civil action for failure to prosecute pursuant to those rules.   *See Mulbah v.

Detroit Bd. of Ed.*, 261 F.3d 586, 589 (6th Cir. 2001) (citing *Link v. Wabash R.R. Co.*,

370 U.S. 626 (1962)).

Petitioner has a duty to provide the Court with her current address or risk

dismissal of her case.   Yet, she has not provided the Court with updated contact

information.   She has thus failed to comply with Local Rule 11.2 and the Court's

Notice.   Consequently, her case is subject to dismissal.   *See e.g., White v. City of

Grand Rapids*, 34 F. App'x 210, 211 (6th Cir. 2002) (affirming dismissal of

complaint for want of prosecution based upon failure to provide current address);

*Bugg v. Bauman*, No. 2:19-CV-10262, 2020 WL 7346690, *1-2 (E.D. Mich. Oct. 19,

2020) (dismissing habeas petition for same reason); *Harkleroad v. Astrue*, No. 4:03-

CV-15, 2011 WL 3627161, *3 (N.D. Ohio Aug. 17, 2011) ("Indeed, dismissal for

failure to prosecute may be appropriate when a pro se plaintiff fails to keep the court

apprised of her current address."); *Brown v. White*, No. 2:09-CV-12902, 2010 WL

4

1780954, *1 (E.D. Mich. Apr. 30, 2010) (dismissing habeas petition based upon
failure to provide current contact information and failure to exhaust state court
remedies).

## CONCLUSION

Based upon the foregoing discussion, the Court concludes that this case must
be dismissed for want of prosecution.

Accordingly,

**IT IS ORDERED** that the Petition for a Writ of Habeas Corpus (ECF Nos. 1,
12) is **DISMISSED WITHOUT PREJUDICE**.

Before Petitioner may appeal, a certificate of appealability must issue.  *See* 28
U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).   A certificate of appealability may
issue only if the petitioner makes "a substantial showing of the denial of a
constitutional right."   28 U.S.C. § 2253(c)(2).   When a court denies relief on
procedural grounds without addressing the merits, a certificate of appealability should
issue if it is shown that jurists of reason would find it debatable whether the petitioner
states a valid claim of the denial of a constitutional right, and that jurists of reason
would find it debatable whether the court was correct in its procedural ruling.   *Slack
v. McDaniel*, 529 U.S. 473, 484-85 (2000).   Reasonable jurists could not debate the

correctness of the Court's procedural ruling.   The Court, therefore, **DECLINES** to issue a certificate of appealability.

      **IT IS FURTHER ORDERED** that leave to appeal *in forma pauperis* is **DENIED** because an appeal cannot be taken in good faith.   *See* Fed. R. App. P. 24(a).

      **IT IS SO ORDERED**.

                        s/Linda V. Parker _____
                        LINDA V. PARKER
                        UNITED STATES DISTRICT JUDGE

Dated:   March 25, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, March 25, 2021, by electronic and/or U.S. First Class mail.

                        s/ R. Loury _____
                        Case Manager